IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| AFFINITY LABS OF TEXAS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:15-CV-849-RP |
| | § | |
| NETFLIX, INC., | § | |
| | § | |
| Defendant. | § | |

Before the Court is Defendant Netflix, Inc.'s Motion to Stay Pending *Inter Partes* Review of the Patents-in-Suit. (Dkt. 81). By way of its Motion, Defendant informs the court that it has filed two petitions for *inter partes* review ("IPR") challenging the validity of the patents asserted by Plaintiff in this action. While the PTO has not issued a decision on whether to institute IPR, Defendant is confident that such review will be granted and that all of Plaintiff's claims will be invalidated. Defendant requests that the Court stay this litigation until the PTO decides whether to institute review.

In deciding whether to stay litigation in these circumstances, courts consider: "(1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party, (2) whether a stay will simplify the issues in question and trial of the case, and (3) whether discovery is complete and whether a trial date has been set." *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005).

Defendant filed its first petition for IPR nearly one year after Plaintiff filed this lawsuit. Because of this, the suit will have progressed substantially by the time the PTO issues its decision on whether to institute IPR. The Court notes that the parties have engaged in discovery and retained experts, and that the claims construction process is nearing completion. Further, fact discovery will be nearing conclusion by the time the PTO is due to render its decision.

It remains speculative whether the PTO will institute IPR and, even if it does, whether any of Plaintiff's claims will be invalidated. At this point, the Court cannot conclude with any confidence that a stay will result in the simplification of issues and trial in this case. Of course, this may change when the Court has the benefit of the PTO's decision on whether to institute IPR.

In light of the posture of this case and the uncertainty that a stay will produce any efficiencies, the Court finds a stay to be unwarranted at this time and therefore **DENIES** Defendant's Motion. (Dkt. 81). Defendant may file a renewed motion to stay if and when the PTO decides to institute IPR.

**SIGNED** on January 17, 2017.


_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE